# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2888

_____

| | | |
|---|---|---|
| Clay Rural Water System, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| One Call Systems, Inc.; | * | |
| | * | |
| Defendant-Appellant, | * | |
| | * | |
| Kaneb Pipeline Company, | * | |
| | * | Appeal from the United States |
| Defendant-Appellee. | * | District Court for the District |
| _____ | * | of South Dakota. |
| | * | |
| One Call Systems, Inc., | * | [UNPUBLISHED] |
| | * | |
| Third Party Plaintiff-Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Brian McKee, doing business as McKee Excavating, | * | |
| | * | |
| | * | |
| Third Party Defendant-Appellee. | * | |

_____

Submitted:  March 13, 2002

Filed:  March 19, 2002

_____

Before FAGG and BEAM, Circuit Judges, and GOLDBERG,[*] Judge.
_____

PER CURIAM.

Before digging to lay new water lines for a farmhouse in South Dakota, Brian McKee, a contractor for Clay Rural Water System, Inc., contacted One Call Systems, Inc., a Pennsylvania company. One Call has contracted with South Dakota to field calls from those who plan to dig on property in the state and to notify affected utilities of the proposed excavation. Once a utility receives notice, the utility flags its line on the property in question so the excavator will not dig there. Although One Call was given the correct legal description of the property and One Call's map showed Kaneb Pipeline Company had a buried petroleum pipeline on the land, One Call never gave Kaneb notice. McKee ruptured Kaneb's pipeline while trenching for the water lines.

Clay Rural later brought this diversity action against One Call and Kaneb to recover damages associated with the cleanup of the resulting petroleum spill. After settling third-party claims, the parties stipulated to the total damages and the case proceeded to a jury trial solely as a comparative negligence action. The jury returned a verdict for Kaneb and assessed fault at 98% to One Call, 1% to Clay Rural, and 1% to McKee. One Call filed a motion for new trial asserting there was insufficient evidence to support the jury's apportionment of fault. The district court[**] denied the motion, stating the "apportionment of fault was clearly a jury question, and . . . not contrary to the clear weight of the evidence."

---

[*]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[**]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

On appeal, One Call asserts there was insufficient evidence to support the verdict. One Call contends no reasonable jury could find in favor of Kaneb because Kaneb should have repainted weathered fence posts marking where its pipeline crossed the property's driveway and posted warning signs on the posts to comply with applicable regulations. One Call also contends no reasonable jury could have apportioned 98% of the liability to One Call because McKee should have seen the painted fence posts marking the pipeline and Clay Rural should have known about the pipeline and discovered One Call's error. Having carefully reviewed the evidence, we conclude a reasonable jury could find One Call's failure to notify Kaneb of the proposed excavation was the proximate cause of the damages in this case, and could reasonably assign One Call 98% of the fault. See EFCO Corp. v. Symons Corp., 219 F.3d 734, 738 (8th Cir. 2000). One Call also asserts the district court should have given the jury an instruction on Kaneb's continuing duty to maintain pipeline markers. We disagree. The jury was instructed that Kaneb had a duty to inspect the pipeline right-of-way 26 times a year and to correct any adverse condition within a reasonable time. The district court did not abuse its discretion in refusing to give an additional instruction. See Gray v. Bicknell, 86 F.3d 1472, 1485 (8th Cir. 1996).

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-